IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LAUREN PAULSON,

          Plaintiff,

   v.

FAIRWAY AMERICA
CORPORATION, et al,

          Defendants.

Case No. 1:14-cv-01544-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Lauren Paulson seeks to proceed in forma pauperis and pro se with a civil action against over sixty named and unnamed defendants. Plaintiff also seeks appointment of pro bono counsel. For the reasons stated below, the court recommends Plaintiff's Complaint (#1) be DISMISSED and that Plaintiffs' application to proceed IFP (#2) and motion for pro bono counsel (#3) be DENIED as moot.

## STANDARDS

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must state a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556)

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se

plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

Although the Court cannot require counsel to serve pro bono in a civil case, we have discretion under 28 U.S.C. § 1915(e)(1) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir.2009); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir.2004). In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970; Agyeman, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).

## DISCUSSION

Plaintiff's Complaint (#1) is three hundred and eighty five pages long, and lists over sixty named and unnamed defendants, including international banks, corporations, individuals, and a variety of judges from the United States District of Oregon and the Ninth Circuit Court of Appeals. The first one hundred pages or so of the complaint gives a long, in-depth history of the politics and intrigue behind the state of the country's financial system, and by page one hundred and three it evolves into a philosophical discussion on the merits of the "Laws of Nature" versus "Man-made laws" or "the Rules of Law."

In his complaint, Plaintiff references his own bankruptcy proceedings back in 2009 and 2010, but it is unclear how these proceedings specifically relate to his current claims. Buried on page one hundred and fifteen is a section with the heading "Facts," and a discussion of "two 2005 trust deed transactions with two Promissory Notes between Paulson and Fairway Commercial Mortgage Corporation (Fairway)." A detailed, but difficult to read, accounting of Plaintiff's experience with these transactions follows, involving various iterations of Fairway's corporate identity and affiliated attorneys. It seems that the end result of those transactions was a nonjudicial foreclosure, which Plaintiff believes was defective due to a flaw in assignment or possession of the Promissory Note. Plaintiff also alleges that he has had trouble in previous litigation with Fairway claiming that one or more of its corporate identities or predecessors in interest do not exist for purposes of litigation. These allegations and storylines are mixed in with paragraphs detailing the "current economic meltdown" and case law regarding other foreclosures and debtor-creditor relationships all over the country.

Plaintiff finally begins his specific causes of action on page three hundred and three. Count One purports to be a claim for "Fraud – Civil Conspiracy – The Predatory Loan," but the allegations that follow are just as difficult to understand as the previous three hundred pages. Plaintiff apparently intends to bring a class action against the defendants: "The class consists of all borrowers of these named financial or banking Defendants and their subsidiaries or assigns from 1997 to present." Plaintiff claims in conclusory terms that the class meets the class action standards, such as numerosity and typicality, but does not allege specific facts for what claims the class can allege against any specific defendant, other than "predatory loans and misrepresentations," and a business model consisting of originating mortgages, and using fraudulent foreclosure and other legal procedures "to obtain real property whose owner was rich

in the value of land but poor in cash." From one sentence to the next, Plaintiff goes back and forth between specific allegations relating to his case with Fairway, and generic allegations against all the defendants, making it unclear which claims apply to which party.

Additionally, Plaintiff asserts various allegations against judges in the District of Oregon and the Ninth Circuit for failing to disclose whether they have home loans through Bank of America, Countrywide, and other defendants when they handle homeowner foreclosure cases.

The Court will not address each and every claim made by Plaintiff in his three hundred and eighty five page complaint, however, one final note bears mentioning relating to his previous bankruptcy proceeding and current allegations against defendant Fairway. According to an Order issued by U.S. District Court Judge Anna Brown on October 15, 2012 (Case No. 3:08-cv-00982-PK), Plaintiff's claims against defendant Fairway were fully and fairly litigated. Plaintiff filed a complaint against Fairway and another party on August 21, 2008; Plaintiff then filed for bankruptcy on April 8, 2009. On May 13, 2010 the Bankruptcy Court entered an order approving a settlement agreement between Plaintiff's bankruptcy Trustee and the defendants (including Fairway), in which the defendants were released from all claims related to the action in this Court. Magistrate Judge Paul Papak found that the Trustee's settlement was valid and enforceable, and Judge Brown later adopted his Findings and Recommendation, granted summary judgment for the defendants, and dismissed the case. Plaintiff unsuccessfully appealed the Bankruptcy Court decision as well as the Order and Judgment from Judge Brown. Later, he appealed the decision of the Bankruptcy Appellate Panel, and the Ninth Circuit once against dismissed the case. Plaintiff filed a motion to reopen the case and several motions for reconsideration, all of which have been denied.

The Court concludes that Plaintiff's complaint, even liberally construed, does not conform to the pleading standards requiring a short and plain statement containing sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Additionally, the few specific factual allegations identified in the complaint appear to be an improper collateral attack on a previous judgment in this Court. While Plaintiff is a former attorney, he is no longer a member of the Oregon State Bar, and therefore the Court will afford him the benefit of the doubt due a pro se litigant. Therefore, the Court cannot say with certainty that none of Plaintiff's claims could be cured by amendment, and thus the complaint should be dismissed without prejudice to filing an amended complaint. Should Plaintiff be given the opportunity to refile, he should be instructed to follow the pleading standards set forth above.

## RECOMMENDATION

Based on the foregoing, the court recommends that Plaintiff's Complaint (#1) be DISMISSED and that Plaintiffs' application to proceed IFP (#2) and motion for pro bono counsel (#3) be DENIED as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this \_\_\_14\_\_\_ day of November, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge