IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LAUREN PAULSON,

        No. 1:14-cv-1544-CL

        Plaintiff,

    v.

FAIRWAY AMERICA CORP., et al.,    **ORDER**

        Defendants.

---

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court.  See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).  Because Plaintiff objects to the Report and Recommendation, I review this matter <u>de novo</u>.  28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F. 2d 1309, 1313 (9th Cir. 1981).  After reviewing <u>de novo</u>, I dismiss this action with prejudice.

**I.  Plaintiff's Motion to Vacate**

    Plaintiff moves to vacate the Report and Recommendation

1  - ORDER

because he did not consent to a magistrate-judge.  But a magistrate-judge has the authority to issue findings and recommendations (F&R)[1] without consent because an F&R has no effect unless an Article III judge adopts it.  <u>See</u> <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff argues Judge Clarke "evinces the same sort of patent bias against the Plaintiff as Paulson has experienced throughout this litigation commencing in 2008."  Mot. Vacate at 3, ECF No. 12).  To disqualify a judge, there must be a showing of "such a high degree of favoritism or antagonism as to make fair judgment impossible."  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  The alleged bias "must usually stem from an extrajudicial source."  <u>Pesnell v. Arsenault</u>, 490 F.3d 1158, 1164 (9th Cir. 2007).

Here, the alleged instances of bias do not stem from extra-judicial sources.  The rulings cited by Plaintiff do not show the type of prejudice that could justify recusal.  For example, Plaintiff contends that the R&R "attempt[s] to further diminish him" by noting that he is no longer a member of the Oregon State Bar.  Mot. to Vacate at 3.  Although Plaintiff has sought , reinstatement, he has been disbarred.  <u>See</u> <u>Paulson v. Oregon St. Bar</u>, No. 6:13-cv-175-AA, 2013 WL 2659605, at *1 (D. Or. June 4, 2013) (citing <u>In re Paulson</u>, 346 Or. 676, 216 P.3d 859 (2009) (per curiam)).  Plaintiff's status is relevant because this court

---

[1]This court uses the terms "Report and Recommendation" and "Findings and Recommendation" interchangeably.

generally treats the pleadings of non-lawyers with more leniency than those written by lawyers.  See id.

I deny Plaintiff's Motion to Vacate.

## II.  **Plaintiff's Complaint Must Be Dismissed With Prejudice**

I agree with the Report and Recommendation (R&R) that Plaintiff's complaint should be dismissed for failure to state a claim.  Although the R&R recommends dismissal without prejudice, I conclude dismissal must be with prejudice.

### A. Claims Based on the Foreclosure of Plaintiff's Property

Plaintiff's complaint centers on the non-judicial foreclosure of real property he owned in Washington County:  a historical structure called the M.E. Blanton house, and three adjacent rental properties.  Compl. at 83.  Plaintiff claims Defendant FHLF, LLC lacked standing to foreclose, failed to give him proper notice, and committed fraud, among other claims. Plaintiff brings claims against the attorneys who represented FHLF, LLC; the trustee of his Chapter 7 bankruptcy estate; the bankruptcy judges who presided over the bankruptcy proceedings; and judges from this district and the Ninth Circuit who ruled against Plaintiff in prior actions.  Because Plaintiff has previously raised, or could have raised, these claims about the foreclosure in previous actions, Plaintiff is barred from raising the claims here.

In determining that Plaintiff's claims are precluded by prior judgments, I take judicial notice of the docket sheets, pleadings, briefs, orders, and other documents filed as part of

3  - ORDER

the official record in prior actions filed by or against Plaintiff.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (affirming dismissal based on claim preclusion, court took judicial notice of court filings in underlying or related litigation).  Here, I focus on two prior actions:  a 2008 action Plaintiff filed in this court, challenging the then-pending foreclosure and claiming he and a class of similarly situated persons were victims of predatory lending practices, Paulson v. Fairway America Corp., No. 3:08-cv-982-PK, 2010 WL 5129690 (D. Or. Dec. 10, 2010), aff'd, No. 10-36178 (9th Cir. June 28, 2011); and the forcible entry and detainer (FED) actions filed by FHLF, LLC, against Plaintiff in Washington County Circuit Court, FHLF, LLC v. Paulson, Nos. C100084EV, C100085EV, C100086EV (Wash. Cnty. Cir. Ct. May 3, 2010), appeal dismissed, A145469, A145470, A145470 (Or. Ct. App. Feb. 2, 2011), petition for review denied, SO59272 (lead case) (Or. Sup. Ct. May 31, 2011)[2].

## 1.  **Paulson v. Fairway America Corp.**

### a.  **Background and Procedural History**

In 2005, Fairway Commercial Mortgage Corp. (Fairway) made a loan to Huber-Wheeling Crossing (HWC), a limited liability company of which Plaintiff is the sole member.  To secure the loan, Fairway obtained trust deeds on Plaintiff's house and adjacent rental properties.

---

[2]See Paulson v. Arbaugh (In re Paulson), No. 3:12-mc-196-MO (D. Or.), ECF No. 12-1, at 3-4, 5, 19.

In February 2008, HWC stopped making payments on on the loan. Compl. at 78. Between February and August 2008, FHLF, LLC and Plaintiff attempted to negotiate an agreement but were unable to do so. Compl. at 79. In August 2008, FHLF, LLC notified Plaintiff that it would proceed with foreclosure if he did not cure the default.

On August 21, 2008, Plaintiff filed an action in this court seeking to enjoin the foreclosure, Paulson v. Fairway America Corp., 3:08-cv-982-PK (Fairway America). In January 2009, Plaintiff filed his second amended complaint, naming many of the same defendants Plaintiff names here: Fairway America Corp.; FHLF, LLC; Sterling Savings Bank; Wells Fargo Foothills; Joan Doe, a mortgage broker; Matt Burk, president of Fairway; and Joel Parker, an attorney. See Fairway America, 2d Am. Compl., ECF No. 14. As in this action, Plaintiff brought claims for fraud, breach of contract, breach of good faith and fair dealing, conspiracy, promissory estoppel, usury, rescission, accord and satisfaction, and violations of state and federal consumer protection statutes. Plaintiff alleged he represented a class of similarly situated persons harmed by predatory lending practices.

In April 2009, HWC, Plaintiff's limited liability company, conveyed the property to Plaintiff. Plaintiff, represented by attorney Matt Arbaugh, then filed a Chapter 11 bankruptcy case "[t]o prevent the threatened foreclosure." Compl. at 80. Based on the bankruptcy filing, this court stayed proceedings in Fairway America.

5  - ORDER

FHLF, LLC moved in the bankruptcy court for relief from the automatic stay so it could proceed with foreclosure of Plaintiff's property. In June 2009, FHLF, LLC and Plaintiff stipulated that Plaintiff would have until September 14, 2009, to sell the property, and that FHLF, LLC could then proceed with foreclosure if Plaintiff was not successful. See FHLF, LLC v. Paulson, No. 3:10-cv-48-MO (D. Or.), FHLF, LLC's Mem. in Support of Mot. Remand, Ex. 2, at 6, ECF 7-6. When the properties did not sell, FHLF, LLC conducted a non-judicial foreclosure of the property on September 25, 2009.

In November 2009, Plaintiff converted the Chapter 11 bankruptcy to a Chapter 7 bankruptcy. The bankruptcy court appointed Amy Mitchell as trustee of the bankruptcy estate. In February 2010, Mitchell filed a motion in the bankruptcy court to approve the settlement of the Fairway America action in exchange for a payment of $5,000 from FHLF, LLC. In re Paulson, Bankr. No. 09-32439-rld7, Mot. and Notice of Intent to Settle, ECF No. 93 (Bankr. D. Or.). Over Arbaugh's written objections on Plaintiff's behalf, id., ECF No. 103, the bankruptcy court approved the settlement. The Bankruptcy Appellate Panel affirmed, and the Ninth Circuit dismissed the appeal for failure to pay fees. Paulson v. Mitchell (In re Paulson), No. OR-10-1173-MkHJu, 2011 WL 3300082 (B.A.P. 9th Cir. May 10, 2011), appeal dismissed, 9th Cir. No. 11-60038 (9th Cir. Aug. 16, 2011) (order).

In June 2010, the defendants in Fairway America moved for

6 - ORDER

summary judgment in this court, arguing that the settlement
agreement in the Chapter 7 case resolved all pending claims.
Magistrate-Judge Paul Papak recommended granting the defendants'
motion for summary judgment because the trustee in a Chapter 7
case has authority to settle the estate's claims even if the
debtor objects. <u>Fairway America</u>, Am. Findings & Recommendation
(F&R), ECF No. 123, 2010 WL 5135901 (D. Or. Sept. 20, 2010).
Judge Ancer Haggerty adopted Judge Papak's F&R on <u>de novo</u> review.
<u>Id.</u>, ECF No. 137, 2010 WL 5129690 (D. Or. Dec. 10, 2010).  Judge
Haggerty held that "plaintiff's arguments regarding the fairness
of the settlement were properly presented to the bankruptcy
court, and were properly resolved there." <u>Id.</u> at *2.  This court
then issued a judgment dismissing the action.  <u>Id.</u>, ECF No. 138.
The Ninth Circuit summarily affirmed, concluding "the questions
raised in this appeal are so insubstantial as not to require
further argument."  9th Cir. No. 10-36178, Docket Entry 24, at 1
(9th Cir. June 28, 2011) (order).

### b.  Legal Standards for Claim Preclusion

A final federal court judgment on the merits bars a
subsequent action between the same parties involving the same
claims.  <u>First Pacific Bancorp, Inc. v. Helfer</u>, 224 F.3d 1117,
1128 (9th Cir. 2000).  "For claim preclusion to apply, there must
be (1) an identity of claims in the two actions; (2) a final
judgment on the merits in the first action; and (3) identity or
privity between the parties in the two actions." <u>Frank v. United
Airlines, Inc.</u>, 216 F.3d 845, 850 (9th Cir. 2000).  "The central

7  - ORDER

criterion in determining whether there is an identity of claims
between the first and second adjudications is 'whether the two
suits arise out of the same transactional nucleus of facts.'" <u>Id.</u>
at 851 (quoting <u>Costantini v. Trans World Airlines</u>, 681 F.2d
1199, 1201-02 (9th Cir. 1982)).  A district court's judgment on
appeal retains its preclusive effect.  <u>Robi v. Five Platters,
Inc.</u>, 838 F.2d 318, 327 (9th Cir. 1988).

<b>c.  Claim Preclusion Bars Plaintiff's Claims Here</b>

Plaintiff's claims here arise from the same nucleus of facts
as the claims he raised in <u>Fairway America</u>; there is a final
judgment on the merits in <u>Fairway America</u>; and the same parties
are in both actions.  I conclude that the judgment in <u>Fairway
America</u> bars Plaintiff's claims that challenge the legality of
the foreclosure and subsequent eviction and bankruptcy
proceedings.

In his objections to the R&R, Plaintiff argues that a
"collateral attack is always available to attack a defect in the
underlying proceedings where the issue is Legal Standing before
the courts.  That issue is never waived . . . ."  Obj. at 25, ECF
No. 13.  But as Judge Posner observed, "The principle that
jurisdictional defects may be noticed at any time is limited . .
. by the equally important principle that litigation must have an
end."  <u>In re Factor VIII or IX Concentrate Blood Prods.
Litigation</u>, 159 F.3d 1016, 1019 (7th Cir. 1998).  "A party that
has had an opportunity to litigate the question of subject matter
jurisdiction may not . . . reopen that question in a collateral

8  - ORDER

attack upon an adverse judgment.  It has long been the rule that principles of res judicata apply to jurisdictional determinations--both subject matter and personal." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n. 9 (1982); United States v. Van Cauwenberghe, 934 F.2d 1048, 1058 (9th Cir. 1991) (accord).

   Plaintiff contends that the courts in which he argued the standing issue did not expressly address the issue.  But claim preclusion applies "with equal force to suits in which jurisdiction has been expressly determined and those in which resolution of the jurisdictional question is merely implicit." Cooper v. Productive Transp. Servs., Inc. (In re Bulldog Trucking, Inc.), 147 F.3d 347, 352 (4th Cir. 1998).  By ruling in FHLF, LLC's favor, this court implicitly determined that FHLF, LLC had standing.  See Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938) ("Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter.").

   Plaintiff cites Pershing Park Villas Homeowners Association v. United Pacific Insurance Co., 219 F.3d 895, 899-900 (9th Cir. 2000), but that decision did not concern a collateral attack on a final judgment.  Plaintiff also cites Rinegard-Guirma v. Bank of America, No. 10-cv-1065-PK, 2010 WL 3945476 (D. Or. Oct. 6, 2010), in which this court issued a preliminary injunction enjoining the pending foreclosure of the plaintiff's property.

9  - ORDER

The decision in <u>Rinegard-Guirma</u>, however, was not on the merits of the plaintiff's claims, and has been superseded by subsequent decisions clarifying Oregon law. <u>See, e.g.</u>, <u>Brandrup v. ReconTrust Co., N.A.</u>, 353 Or. 668, 303 P.3d 301 (2013).

### 2.   FED Actions Bar Plaintiff's Claims Here

Plaintiff's claims here also barred by the state court judgment in the FED action brought by FHLF, LLC.

### a.   <u>FHLF, LLC v. Paulson</u>

In January 2010, FHLF, LLC obtained an order from the bankruptcy court lifting the automatic stay to allow it to bring FED actions against Plaintiff in Washington County Circuit Court. Plaintiff promptly removed the FED actions to this court. <u>FHLF, LLC v. Paulson</u>, No. 3:10-cv-48-MO, Notices of Removal, ECF Nos. 1, 2. FHLF, LLC was the sole plaintiff in the FED actions.

Plaintiff filed an answer and a third-party complaint, asserting the same claims against many of the same defendants as he did in the <u>Fairway America</u> litigation. <u>Id.</u>, ECF No. 4. Judge Michael Mosman granted FHLF, LLC's motion for remand. The FED actions were sent back to Washington County Circuit Court.

After a trial in state court, Plaintiff lost the FED actions. The Oregon Court of Appeals dismissed Plaintiff's appeals on procedural grounds, and the Oregon Supreme Court denied his petitions for review. <u>See</u> <u>Paulson v. Arbaugh (In re Paulson)</u>, No. 3:12-mc-196-MO (D. Or.), ECF No. 12-1, at 5, 19 (copy of Or. Sup. Ct. order denying Plaintiff's petition for

reconsideration).

### b.  Legal Standards for FED Claim Preclusion

This court must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Oregon, claim preclusion prohibits "a party who has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." G.B. v. Morey, 229 Or. App. 605, 608, 215 P.3d 879, 881 (2009). Under Oregon law, as under federal law, a judgment has preclusive effect even if it is on appeal. Ron Tonkin Gran Turismo, Inc. v. Wakehouse Motors, Inc., 46 Or. App. 199, 207-08, 611 P.2d 658, 662 (1980).

Here, the prior judgment is in an FED action. An FED action is "limited to the determination of the right to possession of premises in the context of a landlord-tenant relationship." Schmidt v. Hart, 237 Or. App. 412, 421, 241 P.3d 329, 335 (2010). But judgments in FED actions have preclusive effect on issues that either were or could have been resolved in the FED action. See Perkins v. Conradi, 153 Or. App. 273, 276, 956 P.2d 1022, 1023 (prior FED judgment precluded claims to ownership of land in subsequent action because the plaintiff could have addressed issue while defending prior FED action but failed to do so), adhered to as modified on other grounds, 154 Or. App. 439, 959

P.2d 1013 (1998).

### c. The FED Judgments Bar Plaintiff's Claims Here

Here, the legality of the foreclosure and eviction was litigated to judgment in the FED actions.  Plaintiff either raised or could have raised his challenges to the validity of the foreclosure.  Because FHLF, LLC was the only plaintiff in the FED actions, the judgment shows the state court concluded FHLF, LLC had standing.  Plaintiff is barred from raising claims here related to the validity of the foreclosure and eviction.

### B.   Class Action Claims

Plaintiff seeks to bring a class action on behalf of "all the borrowers of these named financial or banking Defendants and their subsidiaries or assigns from 1997 to the present."  Compl. at 306.  Because Plaintiff is barred by claim preclusion from challenging his own foreclosure, he is not a proper class representative.  And because Plaintiff is not an attorney, he cannot represent the proposed class.  See Paulson v. Or. State Bar, No. 6:13-cv-175-AA, 2013 WL 1870549, at *2 (D. Or. May 3, 2013) ("As a non-lawyer, plaintiff may not represent others in a class action.").  This accords with "the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."  Simon v. Hartford Life, Inc. 546 F.3d 661, 664 (9th Cir. 2008).  Plaintiff's class action claims are dismissed with prejudice.

## C.  Claims Against Judicial Officers

Plaintiff brings claims against state and federal judges for damages and injunctive relief.  I dismiss these claims for failure to state a claim.

Plaintiff's claims for damages against judicial defendants are barred by absolute judicial immunity.  Judges are absolutely immune from actions for damages based on judicial acts taken within the jurisdiction of their courts, and lose their immunity only when they act "in the clear absence of all jurisdiction or perform[] an act outside [their] 'judicial' capacity."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  "[A]bsolute immunity insulates judges from charges of erroneous acts or irregular actions, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'"  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (citations omitted)).  Plaintiff's conclusory allegations of conspiracy and corruption are not sufficient to overcome the shield of absolute judicial immunity.

Plaintiff's claims for injunctive and declaratory relief against state and federal judges also fail to state a claim.  As to state judges, the Anti-Injunction Act prohibits federal courts from enjoining proceedings in state courts "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment."  28

13 - ORDER

U.S.C. § 2283.  None of those exceptions apply here.

Under 42 U.S.C. § 1983, federal courts may not grant injunctive relief in actions against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  Plaintiff has not met these conditions for injunctive or declaratory relief against the defendant state court judges.

As to the Ninth Circuit judges named, this court lacks authority to enjoin them.  As to the federal bankruptcy and district judges, Plaintiff's claims are meritless.  I dismiss Plaintiff's claims against the defendant judges with prejudice.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#8) is adopted.  The complaint (#1) is dismissed with prejudice. Plaintiff's application to proceed in forma pauperis (#2), motion for appointment of counsel (#3), application for CM/ECF registration (#6), motion to vacate (#12), and motion for status (#16) are denied.

IT IS SO ORDERED.


DATED this ___11___ day of February, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE


14 - ORDER